IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| MARK DEMING, | Cause No. CV 20-157-BLG-SPW |
| Plaintiff, | |
| vs. | ORDER |
| JASON DEMING; KELLY SEVERSON DEMING; LUKE SAVAGE, Counsel, | |
| Defendants. | |
| MARK DEMING, | Cause No. CV 20-175-BLG-SPW |
| Plaintiff, | |
| vs. | ORDER |
| JASON DEMING; KELLY SEVERSON DEMING; JEANA BARNHART; LUKE SAVAGE, | |
| Defendants. | |

## I. Procedural Background

On October 28, 2020, Plaintiff Mark Deming filed a complaint against

1

Defendants Jason and Kelly Deming.[1]  This complaint was given Cause No. CV 20-157-BLG-SPW.

On November 19, 2020, the Court received what it believed to be an amended complaint (Doc. 3)[2] from Plaintiff, naming Jason and Kelly Deming and also Jeana Barnhart and Luke Savage as defendants.  By letter dated November 20, 2020, Plaintiff clarified that he intended the document to initiate a new case.  *See* Letter (Doc. 4) at 1.  The Court therefore opened a second civil case under Cause No. CV 20-175-BLG-SPW.[3]

On January 14, 2021, the Court advised Plaintiff that it appeared to lack subject-matter jurisdiction over his complaint in CV 20-157, in which only Jason and Kelly Deming were named as defendants.  *See e.g., Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)); *Hansen v. Group Health Coop.*, 902 F.3d 1051, 1056 (9th Cir. 2018); Fed. R. Civ. P. 12(h)(3).  Because Plaintiff cited 42 U.S.C. § 1983, the Court also explained that Plaintiff might be aware of additional facts that would indicate the Defendants acted "under color" of law, which would support federal jurisdiction.

---

[1] To avoid confusion, this Order will refer to Mark Deming as "Plaintiff."

[2] Except where CV 20-175 is specified, citations in this Order to documents filed with the Court ("(Doc.)") refer to the docket of CV 20-157.

[3] At the time of each action's filing, Plaintiff was a state prisoner. *See* Compls. (Doc. 1 & CV 20-175 Doc. 1) at 1 (captions); *see also* 28 U.S.C. § 1915A.

*See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). Plaintiff was given an opportunity to respond. *See* Order (Doc. 7) at 1–3.

On February 4, 2021, Plaintiff responded by making additional allegations against Jason and Kelly Deming and adding new allegations involving Luke Savage, an attorney and judge. *See* Resp. to Order (Doc. 10) at 1–4. On February 12, 2021, he requested leave to add Savage as a defendant and added another allegation against the Demings and Savage. *See* Supp. (Doc. 11) at 1–2.

On March 16, 2021, in the second case, CV 20-175, the Court advised Plaintiff that one of his allegations appeared to fall outside the three-year statute of limitations. It also asked him to clarify the meaning of an allegation concerning Defendant Barnhart. *See* Order (CV 20-175 Doc. 7) at 1–2. Plaintiff responded on March 26, 2021. *See* Resp. to Order (Doc. 8) at 1–2.

On April 6, 2021, the Court granted Plaintiff's request to add Luke Savage as a defendant in CV 20-157-BLG. In addition, the Court explained that Plaintiff still had not alleged facts showing that any defendant acted both under color of law and caused or contributed to causing a violation of his constitutional rights. Plaintiff was given one final opportunity to allege facts that would show one or more Defendants to be subject to liability under 42 U.S.C. § 1983.

Plaintiff responded on April 21, 2001 (Doc. 14 & CV 20-175 Doc. 10).

3

## II. Factual Background

As Plaintiff's responses (Docs. 10, 11) to the Court's Order of January 14 (Doc. 7) clarified, CV 20-157 and CV 20-175 overlap and should be addressed together. *See* Fed. R. Civ. P. 20(a)(2). The following allegations are taken from both cases.

In 2014 or perhaps earlier, Plaintiff became embroiled in an ongoing legal dispute with his son and daughter-in-law, Jason and Kelly Deming. Luke Savage represented the Demings. *See* Opinion at 4 ¶ 6 n.1, *Deming v. Deming*, No. DA 19-0508 (Mont. Aug. 11, 2020), *cited in* Resp. to Order (Doc. 10) at 2; *see also* Resp. to Order (Doc. 10) at 1. On or about September 5, 2014, Richland County Justice of the Peace Greg Mohr entered an order of protection against Plaintiff. *See* Compl (Doc. 1) at 2 ¶ 7; Opinion at 4 ¶ 6, *Deming*, No. DA 19-0508. Plaintiff alleges the order was designed to "keep[] him from his personal property as a form of leverage" in the dispute. *See* Compl. (Doc. 1) at 2.

After the protective order was entered, Savage took office as Richland County Justice of the Peace and City Judge in Sidney. Consistent with common practice in rural Montana jurisdictions, Savage continued to practice law and also continued to represent Jason and Kelly Deming in their dispute with Plaintiff. *See* Opinion at 4 ¶ 6 n.1, *Deming*, No. DA 19-0508; Resp. to Order (Doc. 10) at 1.

4

On July 20, 2018, Plaintiff and the Demings reached a settlement agreement. The agreement was approved and entered by the Seventh Judicial District Court—not by the Richland County Justice Court or the Sidney City Court.[4] *See* Opinion at 2 ¶ 2, 3–4 ¶ 5, *Deming*, No. DA 19-0508; Resp. to Order (Doc. 10) at 2.

About a week later, Plaintiff's daughter, Cindy Gustafson, told the Sidney police that someone unlawfully removed from her home some personal property belonging to Plaintiff. The police, allegedly after consulting with Judge Savage, deemed it a "civil matter" and took no action. *See* Supp. (Doc. 11) at 2.

In August 2018, an inventory of Plaintiff's personal safe indicated some items were missing. *See* Resp. to Order (Doc. 10) at 2–3.

In September 2018, "on advice of Counsel Savage," Jason Deming refused to allow Plaintiff's grandson, Cody Dumontier, to enter onto land to remove personal property belonging to Plaintiff. *See* Compl. Ex. 1 (Doc. 1-1) at 1; Resp. to Order (Doc. 10) at 3.

Plaintiff concludes that Savage "used his position" as a judicial officer "for personal gain . . . for himself and for Jason and Kelly Deming." Resp. to Order (Doc. 10) at 3. Plaintiff believes that, had Savage not done so, "the court would

---

[4] The Seventh Judicial District Court covers Dawson, McCone, Prairie, Richland and Wibaux counties. As of the 2010 census, fewer than 10,000 people lived in Richland County, about half of them in the City of Sidney.

not have awarded them as much property as they received illegally." *Id.* He also says, "The question is, why did Counsel Savage violate the contract settlement agreement by allowing Jason and Kelly Deming to take illegal possession of . . . personal property[?]" Supp. (Doc. 11) at 2–3.

### III. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts supporting an inference that a defendant, acting under color of state law, proximately caused a violation of a right protected by the Constitution or a federal statute or treaty. *See, e.g., West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). As the Court explained previously, Plaintiff's allegations initially indicated only "that the Defendants' actions took place with no governmental assistance, on their private property, and in the service of their private interests." Order (Doc. 7) at 3. By contrast, a § 1983 plaintiff must show that a defendant's alleged actions can fairly be said to be the acts of a governmental entity. *See, e.g., Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 935 1982); *Kirtley v. Rainey*, 326 F.3d 1088, 1092–95 (9th Cir. 2003); *Johnson v. Knowles*, 113 F.3d 1114, 1117–20 (9th Cir. 1997).

A person acts "under color" of state law when he exerts authority "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *United States v. Classic*, 313 U.S. 299, 326

6

(1941); *see also Naffe v. Frey*, 789 F.3d 1030, 1036–39 (9th Cir. 2015).  An attorney does not act under color of law when representing a private client.  *See, e.g., Polk County v. Dodson*, 454 U.S. 312, 318–19 (1981).  But a government official who acts outside the scope of his office may nonetheless be acting under color of law if he represents to others that he is acting as an official or uses resources that are available to him because he is an official.

For instance, a county employee might, "during normal working hours" and "under the pretense of performing her official duties" use "computer equipment and a password supplied by the County" to obtain information from a confidential database.  *See McDade v. West*, 223 F.3d 1135, 1140 (9th Cir. 2000).  This employee is acting under color of law, even if she uses the information she obtains to advance her own personal interests.  *See id.* at 1139–41 (discussing cases); *see also Dang Vang v. Vang Xiong X. Toyed*, 944 F.2d 476, 480 (9th Cir. 1991) (state employee who raped women who contacted him for employment assistance "abused his state authority" and acted under color of law).  But a rogue police officer might spot valuables in a safe while executing a search warrant and later return to the home to rob it when he is off-duty.  So long as he does not identify himself as an officer or otherwise invoke the authority of the police department to obtain entry or the property, he is not acting under color of law.  *See Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835–36 (9th Cir. 1996).  But if he "is acting,

7

purporting, or pretending to act in the performance of his or her official duties"
when he commits the robbery, he is acting under color of law. *McDade*, 223 F.3d
at 1140.

Plaintiff describes three or four occasions when his rights were allegedly
violated. The Court will discuss each in turn.

### A. Incident of June 18, 2017

Plaintiff alleges that Savage acted "in harmony" with the Demings in a
"colorable transaction" on or about June 18, 2017. *See* Resp. to Order (Doc. 10) at
1. On that day, he says, Savage and the Demings entered his home and took
possession of his personal financial information "by illegal search and seiz[ure],
without a warrant." *Id.* at 2. Were it not for this information, Plaintiff contends,
the Demings would have obtained less money and property as a result of the
settlement agreement. *See* Compl. (CV 20-175 Doc. 1) at 4 ¶ 12.

Plaintiff alleges that Jeana Barnhart, his daughter, *see* Resp. to Order (CV
20-175 Doc. 8) at 2, also participated in this incident by using Plaintiff's keys to let
the Demings and Savage enter his home to search for and remove his personal
financial information. *See* Compl. (CV 20-175 Doc. 1) at 3–4. Barnhart's action
prevented Plaintiff and Cindy Gustafson, another daughter, who held his power of
attorney, from checking on Plaintiff's personal property. *See* Supp. (Doc. 11) at 2;
Resp. to Order (CV 20-175 Doc. 8) at 2. In his most recent pleading, Plaintiff

8

alleges that Savage, "[u]sing his position as Justice of the Peace . . . demanded along with Jason and Kelly Deming and Jeana Barnhart" to be admitted into Plaintiff's home "over the objection of [Plaintiff's] instruction and objections of his Power of Attorney, Cindy Gustafson." Resp. to Order (Doc. 14) at 1.

Plaintiff's allegation that Savage was "[u]sing his position as Justice of the Peace" is conclusory. He offers no facts showing how Savage used his judicial authority. In fact, Plaintiff says, "JP Savage being a Justice of the Peace/City judge had no authorization or search warrant to enter Mr. Deming's home." *Id.* Therefore, it is not reasonable to infer that Savage used authority he *did* possess as a judge to obtain entry to Plaintiff's property. Plaintiff adds that Savage "convinced" Plaintiff's lawyer, by using "peer pressure," to "allow him to search and seize financial information" over Gustafson's objections. *Id.* Because "peer pressure" occurs among peers, it does not suggest exploitation of a position of authority, much less describe how someone actually used their position of authority. Consequently, Plaintiff's allegations support only an inference that Savage acted as counsel for Jason and Kelly Deming and that Barnhart did what the three of them wanted her to do rather than what Plaintiff wanted her to do.

As Plaintiff does not show that any defendant acted under color of law, he

cannot state a claim under 42 U.S.C. § 1983 based on this incident.[5]

### B. Incident of July 27, 2018

Plaintiff alleges that, on or about July 27, 2018, someone "unlawfully removed" his personal property from Gustafson's home. Gustafson made a report to the Sidney Police Department. Plaintiff alleges the Department, "after checking with City Judge Luke Savage," treated her report as "a civil matter" and "did nothing." Supp. (Doc. 11) at 2. He asserts the property's removal was unlawful because Montana law provides a specific procedure for a private party to seize property, *see* Mont. Code Ann. § 27-17-201, *cited in* Supp. (Doc. 11) at 1, and it was not followed. Plaintiff also claims the removal violated the settlement agreement, which stated the property had to be "turned over by the timeline of October 1st, 2018." *Id.*; *see also* Mont. Code Ann. § 27-17-201(1) (requiring affiant to show the property's "seizure is necessary to prevent removal or destruction").

Plaintiff does not explain why he believes the "removal" was related to the dispute with his children, but the Court will assume it was. Liberally construing his allegations, the Court understands Plaintiff to assert that the Sidney police did

---

[5] This incident might also fall outside the relevant limitations period. *See Wilson v. Garcia*, 471 U.S. 261, 279–80 (1985), *superseded by statute on other grounds, see Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 377–80 (2004); Mont. Code Ann. § 27-2-204(1). But the question need not be decided.

10

not act on Gustafson's report of theft because Savage, acting dually as both city

judge and attorney for the Demings, told the police the property had been seized in

connection with a civil matter. *See* Supp. (Doc. 11) at 2.

This allegation shows that Savage acted under color of law, but it does not

demonstrate a violation of a right protected by the federal Constitution or a federal

law or treaty. The Constitution does not impose a duty to investigate. "[N]othing

in the language of the Due Process Clause . . . requires the State to protect the life,

liberty, and property of its citizens against invasion by private actors." *DeShaney*

*v. Winnebago County Soc. Servs.*, 489 U.S. 189, 195 (1989). Neither by consulting

Savage to decide whether they should act, nor by taking his advice, did the police

violate Plaintiff's right to due process of law. Therefore, Savage did not cause or

contribute to causing a violation of Plaintiff's right to due process of law by

responding to the police. Plaintiff's allegations also do not suggest Savage's

advice or the inaction of the police caused or contributed to causing the violation

of any other federal constitutional right. The Court is not aware of any provision

of Montana law that entitled Plaintiff to a police investigation or that conferred on

Plaintiff a substantive right to prohibit Judge Savage from advising the police or

responding to their questions. *See, e.g., James v. Rowlands*, 606 F.3d 646, 656–57

(9th Cir. 2010). Violation of a contract, such as a settlement agreement, is not a

violation of the federal Constitution or other federal law. *See, e.g., Kokkonen v.*

11

*Guardian Life Ins. Co.*, 511 U.S. 375, 377, 381 (1994).

As Plaintiff's allegations do not show the violation of a federal constitutional right, he cannot state a claim under 42 U.S.C. § 1983 based on this incident.

### C. Incident in September 2018

Plaintiff alleges that Savage acted as counsel to Jason Deming when Deming refused to allow Plaintiff's grandson to remove personal property. Plaintiff attached to his complaint a statement from Cody Dumontier, his grandson. Dumontier asserts that Jason Deming told him on the phone that he "was not allowed to come up to the farm and get my grandfather's belongings, because there was a[n] issue between the attorneys and the ag[]reement." Compl. Ex. 1 (Doc. 1-1) at 1. In his supplement, Plaintiff adds an allegation that Deming told Dumontier he was acting "on advice of Counsel Savage." Supp. (Doc. 11) at 3.

Again, these allegations do not show that Savage asserted or used his authority as a judicial officer. They therefore do not meet the "under color" element of 42 U.S.C. § 1983.

### D. Coins, Gold Flakes, Certificates, Jewels, and Doll

Plaintiff contends that these valuable items were stored in his safe and were taken at some point between June 18, 2017, and August 2018. *See* Compl. (CV 20-175 Doc. 1) at 4 ¶ 12. It is not clear whether Plaintiff means these are the items taken from Gustafson's home or whether these are separate items. Regardless,

12

Plaintiff alleges no facts supporting an inference that anyone acted under color of law. Consequently, he cannot state a claim under § 1983 based on the alleged theft of these items.

## IV. Conclusion

Plaintiff alleges that the Demings and Barnhart acted with and on the advice of an attorney who is also a judge. Absent some indication that the attorney used his judicial authority in his relationship with his clients *and* also caused or contributed to causing a violation of Plaintiff's constitutional rights, Plaintiff has no claim to make under 42 U.S.C. § 1983. His allegations provide no such indication. His complaints must be dismissed for failure to state a claim on which relief may be granted under federal law.

As Plaintiff says, his question is "[W]hy did Counsel Savage violate the contract settlement agreement by allowing Jason and Kelly Deming to take illegal possession of . . . personal property[?]" Supp. (Doc. 11) at 2–3. The Court expresses no opinion as to whether Plaintiff may obtain an answer to that question in state court. *See* 28 U.S.C. § 1367(c)(3); *Artis v. District of Columbia*, __ U.S. __, 138 S. Ct. 594, 598 (2018).

Accordingly, IT IS ORDERED:

1. The above-captioned actions are DISMISSED for failure to state a claim

on which relief may be granted.

2.  In each action, the clerk shall enter, by separate document, a judgment of dismissal.

DATED this _28th_ day of April, 2021.

Susan P. Watters
United States District Court

14